IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CURTIS EDWARD                                                          PLAINTIFF

V.                                                    CIVIL ACTION NO. 2:12CV140-B-A

ANDREW BANKHEAD;
THE CITY OF CLEVELAND,
MISSISSIPPI; ROBERT G. JOHNSTON;
AND JEFFREY A. LEVINGSTON                                              DEFENDANTS

## MEMORANDUM OPINION

Came on to be considered this day the defendants' motion to dismiss or, in the

alternative, for summary judgment. As the court has examined exhibits outside the pleadings,

this ruling is based upon the alternative motion for summary judgment. Upon due consideration

of the motion, the court is ready to rule.

### Factual and Procedural Background

Plaintiff Curtis Edward, *pro se*, has filed suit against the City of Cleveland, Mississippi,

Cleveland Police Officer Andrew Bankhead, Cleveland City Prosecutor Robert Johnston, and

Cleveland Municipal Court Judge Jeffrey Levingston for various claims apparently arising from

certain traffic citations against him within the City of Cleveland.

On January 30, 2012, Edward was issued three tickets by the City of Cleveland Police

Department for no driver's license, no tag, and no insurance. On March 27, 2012, the clerk of

the municipal court mailed Edward a letter requesting payment of these tickets. No response

was made. On April 11, 2012, defendant Levingston signed three warrants for Edward's arrest,

and he was arrested on the three warrants and was also issued three more tickets for no driver's

license, no tag, and no insurance. Edward posted bond the next day and was released from

custody. He initially pled not guilty but after several trial continuances, he appeared before Judge Levingston on July 9, 2012, and pled guilty to all charges and was assessed fines totaling $2,033.00.

Edward brought this action on August 2, 2012, asserting a litany of claims, including, inter alia, wrongful arrest, federal kidnapping, extortion, grand theft, criminal trespass, and wrongful detention, and various constitutional violations arising "under the 4th, 5th, 6th or 7th, 8th, 9th, and 14th Amendments." The defendants have moved for summary judgment on all claims.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical

doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

Edward has offered no factual support for his claims. Indeed, his complaint is devoid of sufficient facts even to apprise the court as to what his complaints actually are. Edward does make clear that his claims arise from the traffic citations noted above, but beyond this, he only provides conclusory allegations. It is, of course, axiomatic that conclusory allegations,

speculation, improbable inferences, and unsubstantiated assertions do not substitute for specific facts showing a genuine issue for trial. *See, e.g., Williams v. Weber Management Servs. Inc.*, 839 F.2d 1039, 1041 (5th Cir. 1987). Further, Edward has failed to respond to the defendants motion for summary judgment. While the court will not grant a dispositive motion simply as unopposed, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (stating that a court, when ruling on a summary judgment motion, has no duty to survey the entire record in search of evidence to support the nonmovant's opposition).

The court finds no genuine issue of material fact in this case, and the defendants' motion for summary judgment should be granted. Additionally, the court finds that each of the individual defendants would be entitled to immunity if the summary judgment motion was not dispositive of the entire case.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendants' motion for summary judgment should be granted. A separate order in accord with this opinion shall issue this day.

This, the 28th day of March, 2014.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

4